## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| | : | No. 04-460 |
| v. | : | |
| | : | CIVIL ACTION |
| TYRONE DORMAN | : | No. 16-6259 |

### MEMORANDUM

**Juan R. Sánchez, C.J.**                                                                    **January 28, 2020**

Defendant Tyrone Dorman has filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He asserts his appointed counsel was ineffective for failing to determine that the sentence imposed for his supervised release violations exceeded the maximum term of imprisonment permitted by statute. Because the Court correctly calculated the maximum term of imprisonment to which Dorman could be sentenced for his supervised release violations, and appropriately sentenced him within that maximum, Dorman's ineffective assistance of counsel claims are meritless. Dorman's motion will be denied without an evidentiary hearing.

## FACTS

In May 2005, Dorman pleaded guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 90 months' imprisonment, followed by three years' supervised release. His supervision commenced on November 7, 2012.

Five months later, on April 9, 2013, Dorman was arrested and charged in state court with possession of crack cocaine and marijuana. As a result, the Court revoked his supervised release, and sentenced Dorman to 18 months' imprisonment followed by 24 months' supervised release on January 29, 2014. Dorman was released from prison and his two years of supervised release commenced on August 29, 2014.

Dorman again violated his supervised release on March 27, 2015, and May 19, 2015, when

he was arrested for possession with intent to distribute heroin, crack cocaine, and marijuana. On June 22, 2016, the Court revoked Dorman's supervised release and sentenced him to 24 months' imprisonment with no period of supervised release to follow.

On November 30, 2016, Dorman filed the instant motion to vacate, set aside, or correct his sentence. Dorman asserts he was denied his Sixth Amendment right to effective assistance of counsel when his counsel failed to argue that the terms of imprisonment for his supervised release violations exceeded the maximum penalty permitted by 18 U.S.C. 3583(e)(3).

**DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct his sentence if the sentence was "imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law[ ] or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Dorman brings this § 2255 motion pro se, and his pleadings are thus construed liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). Even so, Dorman must plead "facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In evaluating a § 2255 motion, the Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).

Dorman asserts a Sixth Amendment ineffective assistance of counsel claim. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."). To prevail on a claim of ineffective assistance of counsel, a movant must show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show counsel's

2

performance was deficient, the movant must demonstrate "that counsel's representation fell below an objective standard of reasonableness," when measured under "prevailing professional norms." *Id.* at 688. Failure to raise a meritless argument, however, is not constitutionally deficient performance. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). To establish prejudice under the *Strickland* test, the movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In Dorman's motion, he argues his lawyer for his supervised release violation proceedings provided ineffective assistance of counsel because he failed to address the Court's imposition of a sentence that exceeded a maximum of three years' imprisonment. For Dorman's first violation in 2014, the Court sentenced him to 18 months' imprisonment followed by 24 months' supervised release—which he asserts exceeded the maximum permitted by statute. For Dorman's second violation in 2016, the Court sentenced him to 24 months' imprisonment with no supervised release to follow. This sentence, Dorman also asserts, exceeded the maximum amount of incarceration permitted by statute for the violations. For the second violation, Dorman argues the maximum term of imprisonment permitted by statute was required to be reduced by the amount of time he had already served in prison. According to Dorman's argument, each term of supervised release revocation imprisonment must deplete the maximum imprisonment time available for future supervised release violations. This argument is meritless.

Dorman's argument appears to be premised on his interpretation of 18 U.S.C. § 3583(e)(3). The relevant portion states:

> The court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the

3

> Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony.

18 U.S.C. § 3583(e)(3). The Third Circuit addressed the meaning of this provision in *United States v. Williams*, 675 F.3d 275 (3d Cir. 2012). In that case, the Third Circuit rejected an argument identical to Dorman's in this motion. The Third Circuit held the maximum term of imprisonment a district court may impose for *each* violation of supervised release is "the lesser of the term of supervised released authorized by statute for the offense that resulted in such term of supervised release, . . . or the cap for the particular class of felony offense set by" § 3583(e)(3). *Williams*, 675 F.3d at 278. Contrary to Dorman's position, the Third Circuit has continued to hold that "[t]here is no statutory cap that limits *aggregate* revocation imprisonment." *United States v. Cook*, 775 F. App'x 44, 49 (3d Cir. 2019).

In this case, Dorman pleaded guilty to 18 U.S.C. § 922(g)(1), which carries a maximum sentence of 10 years' imprisonment. *See* 18 U.S.C. § 924(a)(2). With this maximum sentence, Dorman's offense is a Class C felony. *See id.* § 3559(a)(3). For a Class C felony, a term of three years or less of supervised release is authorized. *See id.* § 3583(b)(2). For a supervised release revocation imprisonment sentence on a Class C felony, however, § 3583(e)(3) only authorizes a maximum term of two years' imprisonment. *See id.* § 3583(e)(3).

When Dorman violated his supervised release and was sentenced for those violations in 2014 and 2016, the maximum term of imprisonment the Court could impose was the lesser of either the term of supervised release authorized by statute for the offense that resulted in such term of supervised release (three years) or the cap for a Class C felony in § 3583(e)(3) (two years). *See* § 3583(e)(3); *Cook*, 775 F. App'x at 48 ("Section 3583(e)(3) contains an unambiguous per

4

revocation limit on revocation imprisonment." (internal quotation marks and citations omitted)). Thus, the Court could impose a maximum of two years' imprisonment for each supervision violation. In 2014, the Court sentenced Dorman to 18 months' imprisonment for his supervised release violation. In 2016, the Court sentenced Dorman to 24 months' imprisonment for his supervised release violation. Both sentences of imprisonment were within the two-year maximum sentence permitted by § 3583(e)(3).

Because the Court imposed sentences of imprisonment within the statutory maximums permitted, Dorman's argument is meritless and the failure of Dorman's lawyer to raise the argument was not constitutionally defective. *See United States v. Canalichio*, 369 F. Supp. 3d 625, 635 (E.D. Pa. 2019) (holding attorney cannot be found to have been ineffective for failing to raise a meritless argument). As a result, Dorman has failed to establish the deficiency prong of the *Strickland* test. The Court need not address the prejudice prong. Dorman having thus failed to establish an ineffective assistance of counsel claim, the Court will deny his § 2255 motion.

Also, the Court will not hold an evidentiary hearing on Dorman's motion. When a § 2255 motion is filed, a district court must "grant a prompt hearing" and "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this case, the record conclusively shows Dorman is not entitled to relief. *See Machibroda v. United States*, 368 U.S. 487, 495 (1962) (holding § 2255 does not require "that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be"); *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) ("We have repeatedly emphasized that 'bald assertions and conclusory allegations do not afford a sufficient ground for

5

an evidentiary hearing' on a habeas petition." (quoting *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008))).

The final issue the Court must address is whether Dorman is entitled to a certificate of appealability, which is required by 28 U.S.C. § 2253(c)(1) as a precondition to his right to seek review of this decision by the Third Circuit. A certificate may only issue where a movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which, after a determination of the merits of a § 2255 motion, requires a showing " that reasonable jurists would find the district court' s assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Dorman has failed to make a substantial showing of the denial of a constitutional right, and the Court finds it unlikely reasonable jurists would disagree with its determination of the merits, the Court will not issue a certificate of appealability.

BY THE COURT:

Juan R. Sánchez, C.J.

6